1  Henry C. Bunsow (SBN 60707)
   hbunsow@bdiplaw.com
2  Brian A.E. Smith (SBN 188147)
   bsmith@bdiplaw.com
3  Robin K. Curtis (SBN 271702)
   rcurtis@bdiplaw.com
4  BUNSOW, DE MORY, SMITH & ALLISON LLP
   351 California Street, Suite 200
5  San Francisco, CA  94104
   Tel: (415) 426-4747
6  Fax: (415) 426-4744

7  Denise M. De Mory (SBN 168076)
   ddemory@bdiplaw.com
8  Jeffrey D. Chen (SBN 267837)
   jchen@bdiplaw.com
9  BUNSOW, DE MORY, SMITH & ALLISON LLP
   600 Allerton Street, Suite 101
10 Redwood City, CA 94063
   Tel: (650) 318-6772
11 Fax: (650) 684-1294

12 *Attorneys for Plaintiff*
   DUCKHORN WINE COMPANY
13

14            **UNITED STATES DISTRICT COURT**

15           **NORTHERN DISTRICT OF CALIFORNIA**

16             **SAN FRANCISCO DIVISION**

17

18 DUCKHORN WINE COMPANY, a California )   Case No.
   Corporation,                       )
19                                     )   **PLAINTIFF DUCKHORN WINE**
                    Plaintiff,         )   **COMPANY'S COMPLAINT FOR: (1)**
20 v.                                  )   **FEDERAL TRADEMARK**
                                       )   **INFRINGEMENT; (2) FEDERAL**
21                                     )   **TRADEMARK DILUTION; (3) STATE**
   SUTTER HOME WINERY, INC., d/b/a     )   **TRADEMARK INFRINGEMENT; (4)**
22 Trinchero Family Estates, DUCK      )   **STATE TRADEMARK DILUTION; (5)**
   COMMANDER, INC., and WAL-MART       )   **COMMON LAW TRADEMARK**
23 STORES INC.,                        )   **INFRINGEMENT; AND (6) UNFAIR**
                                       )   **COMPETITION UNDER STATE LAW**
24                                     )
                    Defendants.        )   **DEMAND FOR JURY TRIAL**
25 _____ )

26

27

28

   DUCKHORN WINE COMPANY'S
   COMPLAINT

Plaintiff DUCKHORN WINE COMPANY hereby alleges as follows:

## NATURE OF THE CASE

1.      Plaintiff DUCKHORN WINE COMPANY ("Plaintiff" or "Duckhorn") seeks to protect its trademarks from Defendants SUTTER HOME WINERY, INC.'s, d/b/a Trinchero Family Estates (hereinafter "Trinchero"), DUCK COMMANDER, INC.'s (hereinafter "DCI"), and WAL-MART STORES, INC.'s (hereinafter "Walmart") (collectively, "Defendants") illegal past and future acts of trademark infringement and unfair competition through their continued use of the term DUCK COMMANDER and duck motif labels and to prevent further confusion, dilution and reputational and other harm to Duckhorn.

2.      Duckhorn adopted and began using its distinctive Duck-style marks and duck motif labels for wine products produced in the Napa Valley over thirty years ago and has consistently used those marks throughout California, the United States, and the world since.  As a result of those distinctive marks, continuous marketing and advertising, and the production and sale of award winning ultra-premium wines, the Duck-style marks have achieved "secondary meaning" identifying DUCKHORN as the source of extraordinary wines.  Duckhorn has registered with the California Secretary of State – Registration No. 73319 ("CA DUCKHORN").  Duckhorn has never abandoned the CA DUCKHORN trademark and its registration is incontestable.

3.      In addition, Duckhorn has registered dozens of Duck-style marks with the United States Patent and Trademark Office ("PTO").  At least three of those trademarks include Registration Nos. 1,380,695; 2,309,011; and 2,689,807 (collectively, "DUCKHORN TRADEMARKS").  Duckhorn has never abandoned the DUCKHORN TRADEMARKS and their registrations are incontestable.

4.      Upon information and belief, Defendants have and continue to use confusingly similar marks and designations, including DUCK COMMANDER and a duck motif label, in connection with their marketing and sale of wines.  Defendants' use of the terms DUCK COMMANDER on websites and other advertisements has and/or is likely to create market

1   confusion, is likely to dilute the CA DUCKHORN trademark and DUCKHORN TRADEMARKS

2   and has caused and/or is likely to cause reputational and other harm to Duckhorn.

3        5.     Upon learning of Defendants' intended and actual infringing use of the term DUCK

4   COMMANDER, Duckhorn – on October 1, 2013 – contacted Trinchero, in an effort to resolve any

5   future dispute arising out of Defendants' unlawful use of the DUCK COMMANDER term.

6   Duckhorn's effort to reach a business resolution, without the need for litigation, is the traditional

7   approach taken by Napa Valley wineries in similar circumstances.

8        6.     In early November 2013, Duckhorn met with Trinchero at Trinchero's offices.  At

9   that meeting, Duckhorn made several proposals to Trinchero – all of which would allow

10   Defendants to produce, sell, and make a substantial profit from selling their wines.  Trinchero did

11   not respond with any ideas of its own but promised to speak to the Robertson Family (founders and

12   operators of DCI).  To date, Duckhorn has received no further communication from Trinchero

13   related to Duckhorn's proposals.  Since the meeting, Duckhorn has requested a response from

14   Trinchero and the Robertson Family, but Duckhorn's request has been ignored.

15        7.     In addition, Duckhorn has requested a meeting with the Robertson Family (DCI)

16   through Trinchero several times in an effort to reach an amicable resolution, but the Robertson

17   Family has apparently refused those requests even though the members of the Robertson Family

18   were in the Napa Valley in close proximity to Duckhorn during the week of November 18, 2013.

19        8.     Given Trinchero and DCI's outright refusal to meet, Duckhorn was left with no

20   other choice than to demand that Trinchero and DCI cease and desist from engaging in the

21   unlawful conduct.  Again, Duckhorn reiterated its hope that the dispute be resolved amicably

22   through an agreed-upon modification of the current DUCK COMMANDER wine label.  *See*

23   Exhibit "A" attached hereto.

24        9.     Trinchero and DCI refused to cease use of the DUCK COMMANDER name and

25   duck label motif and threatened to file a declaratory relief action against Duckhorn in the United

26   States District Court for the Northern District of California.  *See* Exhibit "B" attached hereto.

27   Trinchero's and DCI's only stated justifications for their continued infringing use of the DUCK

28

COMMANDER mark were (1) that third parties have used the term "Duck" as part of a label for wine and (2) that their wines purportedly appeal to a different consumer segment. But the third-party uses to which Trinchero/DCI cite are *de minimis*, and, to the extent any are significant, Duckhorn has and is actively enforcing its CA DUCKHORN and DUCKHORN TRADEMARKS. For example, Duckhorn recently concluded an infringement suit against use of the marks "Duck Call" and "Duck Blind" through a Consent Decree and Order of Permanent Injunction. *See* Exhibit "C" attached hereto. Additionally, contrary to Trinchero/DCI's best efforts to claim otherwise, Duckhorn's wines and the infringing DUCK COMMANDER wines are in similar channels of distribution and are presented to the same consumers and potential purchasers, which is evidenced by existing instances of actual confusion on the world-wide-web. *See* Exhibit "D" (Yahoo!™ Search Results); *see also* Exhibit "E" (Bing™ Search Results). Consequently, Duckhorn is forced to seek relief from this Court.

## **THE PARTIES**

10.     Duckhorn is a registered California corporation with its principal place of business located at 1000 Lodi Lane, St. Helena, California, 94574. Duckhorn has set the standard for American fine wine for over three decades. The Duckhorn family includes Duckhorn Vineyards, Paraduxx, Goldeneye, Migration and Decoy. Duckhorn wines are available throughout the United States, on 5 continents and in 40 countries. The Duckhorn brand and label is well known to Trinchero and was well known to Trinchero long before Trinchero decided to join forces with DCI and Walmart to infringe upon Duckhorn's rights.

11.     Upon information and belief, Defendant SUTTER HOME WINERY, INC. ("Trinchero") is a California corporation with its principal place of business located at 100 St. Helena Highway South, St. Helena, California 94574. Trinchero is the largest producer of wine in the Napa Valley. In 2012, Trinchero shipped approximately 19.6 million cases of wine and planned to increase that number to 30 million cases over the next 10 years. Today, Trinchero represents over 34 brands in the United States. Trinchero has the capability to flood the domestic

1  market with wine bearing the infringing DUCK COMMANDER name and duck label motif

2  particularly through the massive distribution channel of Walmart stores.

3      12.    Upon information and belief, Defendant DUCK COMMANDER, INC. ("DCI") is a

4  Louisiana corporation with its principal place of business located at 117 Kings Lane, West Monroe,

5  Louisiana 71292.  DCI was founded by Phil Robertson and is presently operated by the Robertson

6  Family.  In 2012, the Robertson Family's *Duck Dynasty* premiered on the A&E cable television

7  channel, which became a No. 1 cable show.  In the *Duck Dynasty* program, the Robertson Family

8  and Duck Commander are portrayed as a manufacturer of duck calls and nothing else.  Until

9  recently neither DCI nor the Robertson Family have been engaged in making, distributing or

10  selling any other products, including wine products.  In fact, both Phil Robertson, the patriarch of

11  the Family and his brother Si Robertson do not use alcohol products at all, and they make that very

12  clear in episodes of *Duck Dynasty* and in the popular press.  Only one episode of *Duck Dynasty* has

13  ever involved making wine.  That episode portrayed Willie Robertson buying an abandoned winery

14  for his own use and enjoyment.  When Willie actually made wine at the winery it was undrinkable.

15  The episode concluded with Willie and rest of the Robertson Family swearing off any interest in

16  making wine in the future.

17      13.    However, capitalizing on their incredibly good fortune in becoming a very popular

18  television program, DCI has become a marketing juggernaut selling all manner of products using

19  the DUCK COMMANDER name – and most recently – DCI has embarked on a plan to sell large

20  quantities of wine at low prices to the public, primarily through Walmart stores across the country.

21  Additionally, the Robertson Family has published three books, *The Duck Commander Family*,

22  *Happy, Happy, Happy: My Life and Legacy as the Duck Commander and Si-cology*, which have

23  landed on top of the *New York Times' Best Sellers* list.

24      14.    Upon information and belief, Defendant WAL-MART STORES INC. ("Walmart")

25  is a Delaware corporation with its principal place of business located at 702 Southwest 8th Street,

26  Bentonville, Arkansas 72716.  Walmart was the world's second largest public corporation in 2013,

27  the biggest private employer in the world with over two million employees, and is the largest

28

retailer in the world.  Walmart has over 10,000 locations in 15 countries, under 55 different names and is the largest grocery retailer in the United States.  Walmart has recently been selling many products, including clothing, bearing the DUCK COMMANDER name and mark.  In order to further exploit the good fortunes of the Robertson Family and their fame, Walmart has agreed to be the primary distribution channel for wine made by Trinchero bearing the infringing DUCK COMMANDER name and duck motif.  Through its thousands of stores across the nation and using Trinchero's virtually unlimited capacity to make wine, Walmart and Trinchero are capable of flooding the country with DUCK COMMANDER wine bearing the infringing DUCK COMMANDER name and duck motif very quickly, thereby destroying the significance of Duckhorn's CA DUCKHORN trademark, DUCKHORN TRADMEARKS and name recognition as alleged below.

15.     Duckhorn is informed and believes, and, upon such basis alleges, that at all times herein mentioned, each of the defendants herein was an agent, servant, employee and/or joint venture of each of the other defendants, and was at all times acting within the course and scope of said agency, service, employment, and/or joint venture.

## JURISDICTION AND VENUE

16.     Jurisdiction is proper in this Court because this litigation arises under the Lanham Act, 15 U.S.C. §§ 1051, et seq., under which federal and state courts have concurrent jurisdiction, California's unfair competition law, Bus. & Prof. Code §§ 17200, et seq., and California common law.

17.     The acts and transactions complained of in this Complaint occurred as a result of Defendants' use of the confusingly similar term DUCK COMMANDER and duck motif in connection with its marketing and selling of wine in the State of California and this judicial district, including, but not limited to, prominently featuring such infringing names and marks on its website (located at http://www.tfewines.com), hosting at a November 19, 2013, "Happy, Happy, Happy Hour" party that included 75 staff and family members, local distributors and guests, which was widely publicized, and sales of wines in Walmart stores.

18.     All Defendants, either directly or through their agents, are believed to either reside in California and/or transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected their acts to have consequence in the State of California and within this judicial district.

19.     Venue is proper because a substantial part of the events giving rise to the claims herein occurred in this judicial district, including the manufacture of the wine and wine bottles bearing the infringing labels.  Defendants' improper use of the term DUCK COMMANDER has created and/or will create confusion amongst consumers, has diluted and/or will dilute the CA DUCKHORN trademark and DUCKHORN MARKS, and has caused and/or will cause reputational and other harms to Duckhorn in the State of California and this judicial district.

## FACTUAL ALLEGATIONS

### The History of Duckhorn

20.     Duckhorn Vineyards was founded and incorporated in 1976 by Daniel and Margaret Duckhorn, and a group of personal friends and business associates.  Since its inception, Duckhorn Vineyards set out to make and produce superior quality wine in adherence with traditional Bordeaux winemaking methods including aging in small French oak barrels and cross-blending to add complexity and balance to its wine.  To obtain consistent access to the high quality of grapes required for its premium wines, Duckhorn began purchasing vineyards throughout the world famous wine growing regions of the Anderson and Napa Valleys.  Today, Duckhorn is well known for producing award-winning "ultra-premium" and "super-ultra-premium" wines, which are sold throughout California, the United States and the world.

21.     In 1978, Duckhorn crushed its first grapes and in 1980 released its first wine under the "DUCKHORN" label.  This first release, the 1978 Three Palms Merlot and the 1978 Napa Valley Cabernet Sauvignon, were extremely well received by wine writers, restaurants, retailers, and wine consumers and established Duckhorn as a producer of premium quality wines.  In 1982, Duckhorn bottled its first white wine, a Sauvignon Blanc, which also met with very positive reviews.

22.     Since its first vintage, Duckhorn has sold and marketed its wines under the name and mark "DUCKHORN."  The wine is and has been sold in bottles with labels featuring the prominent use of the word "DUCK" above a duck design motif.  An exemplary use of Duckhorn's "DUCKHORN" mark is attached hereto as Exhibit "F" and incorporated herein by reference.

23.     Since its first release in 1980, Duckhorn has expanded its "DUCKHORN" label product line to include a broad variety of red and white wines, including Merlot, Cabernet Sauvignon, and Sauvignon Blanc.

24.     Duckhorn has been using duck-related words and duck motifs on its wines since 1980 and has achieved a significant level of consumer recognition of its duck-related names and trade dress.  Today the Duckhorn family of wines includes not only Duckhorn Vineyards, but also Paraduxx, Goldeneye, Migration and Decoy – all of which include a duck motif.  Each of these duck-themed wines contributes to the strength of the Duckhorn brand.  Today, wines produced and sold under the "DUCKHORN" label enjoy widespread critical acclaim and sales success.

25.     Duckhorn markets its wine throughout the United States, on 5 continents and in over 40 countries, to restaurants, retailers, hotels and private clubs that cater to wine buyers.  The Duckhorn Cabernet Sauvignon was the wine served at President Obama's first inaugural dinner at the White House.

**The State Registered "Duckhorn Vineyards" Mark**

26.     On June 1, 1984, almost thirty (30) years ago, the State of California granted a state trademark registration to Duckhorn for the trademark "DUCKHORN VINEYARDS" ("CA DUCKHORN") for wines as registration number 73319.  A true and correct copy of that registration is attached hereto as Exhibit "G" and incorporated herein by this reference.

**The Federally Registered Marks**

27.     Duckhorn has registered at least three relevant trademarks with the U.S. Patent and Trademark Office.

28.     On January 28, 1986, the United States Patent and Trademark Office ("PTO") granted a federal trademark registration to Duckhorn for the trademark "DUCKHORN

VINEYARDS" for wines as registration number 1,380,695.  A true and correct copy of this registration is attached hereto as Exhibit "H" and incorporated herein by reference.  This registration is in full force and effect, is owned by Duckhorn, and has become incontestable under 15 U.S.C. § 1065.

29.     On January 18, 2000, the PTO granted a federal trademark registration to Duckhorn for the trademark "DUCKHORN VINEYARDS" for corkscrews as registration number 2,309,011. A true and correct copy of this registration is attached hereto as Exhibit "I" and incorporated herein by reference.  This registration is in full force and effect, is owned by Duckhorn and has become incontestable under 15 U.S.C. § 1065.

30.     On February 25, 2003, the PTO granted a federal trademark registration to Duckhorn for the trademark "DUCKHORN" for wines as registration number 2,689,807.  A true and correct copy of this registration is attached hereto as Exhibit "J" and incorporated herein by reference.  This registration is in full force and effect, is owned by Duckhorn and has become incontestable under 15 U.S.C. § 1065.

31.     The federally registered trademarks identified in Paragraphs 27 through 30, above, are hereinafter referred to as the "DUCKHORN TRADEMARKS."

32.     Duckhorn has sold its wines under the DUCKHORN TRADEMARKS throughout the United States and the marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Duckhorn, its quality wines, and its good will.

33.     Because of its excellence and repeated accolades, Duckhorn wines sold under the DUCKHORN TRADEMARKS have become known to the wine purchasing public throughout the United States as representing wines of the highest quality.  Through the DUCKHORN TRADEMARKS, Duckhorn has become associated in the minds of the wine-buying public as one of the most reputable producers and sellers of premium wines in the world.  As a result, the DUCKHORN TRADEMARKS, and the good will associated with it, are some of Duckhorn's most important business assets.

34.     Duckhorn has never abandoned the DUCKHORN TRADEMARKS, and Duckhorn is entitled to a conclusive presumption of ownership of the DUCKHORN TRADEMARKS.

35.     Under no circumstances is any party entitled to use the DUCKHORN TRADEMARKS in any manner without Duckhorn's consent.

36.     Duckhorn has conscientiously and consistently protected and enforced its trademark rights through negotiated business arrangements if possible and, if not, through enforcement litigation such as that recently concluded with the Consent Decree and Order of Permanent Injunction entered by this court and attached hereto as Exhibit "C".

**Defendants' Willfully Infringing Actions**

37.     Duckhorn is informed and believes, and, on that basis, alleges that defendant Trinchero, as a direct competitor and Napa Valley neighbor, has been familiar with Duckhorn and its family of wines, including Duckhorn's "DUCKHORN" wine, for decades.

38.     Duckhorn is informed and believes, and, on that basis, alleges that defendant DCI has been in the business of selling duck calls, used for duck hunting, since 1972.  From 1972 to 2012, DCI had never sold wine or engaged in any business activities related in any way to the wine industry.

39.     Duckhorn is informed and believes, and, on that basis, alleges that defendant Walmart has been selling wine, beer, and spirits since its first supercenters opened in the late 1980's.

40.     Duckhorn is informed and believes, and, on that basis, alleges that sometime in 2013, DCI desired to sell DUCK COMMANDER-labeled wine along with a myriad of other DUCK COMMANDER branded products and approached Trinchero about the possibility of producing DUCK COMMANDER-labeled wine in large quantities.  Trinchero was "thrilled" to be associated with the project.

41.     Duckhorn is informed and believes, and, on that basis, alleges that sometime in 2013, Trinchero entered into an agreement with DCI, wherein Trinchero would produce DUCK COMMANDER wines for DCI.

42.     Duckhorn is informed and believes, and, on that basis, alleges that sometime in 2013, Trinchero and/or DCI, using their well-established distribution network, approached Walmart about the possibility of selling their DUCK COMMANDER wines at Walmart locations throughout the United States, including California, in order to have an outlet for Trinchero's anticipated large volume of DUCK COMMANDER-labeled wine.  Walmart is uniquely situated to bring the Trinchero and DCI plan to fruition given its thousands of retail outlets across the country.

43.     Duckhorn is informed and believes, and, on that basis, alleges that Trinchero, DCI, and Walmart have entered into an agreement whereby Walmart is to sell high volumes of the DUCK COMMANDER wines in Walmart locations throughout the United States, including California.  Additionally, Duckhorn is informed and believes, and, on that basis alleges, that Trinchero and/or DCI have reached similar agreements with other retailers throughout the United States.

44.     In at least early fall 2013, Duckhorn first became aware that Trinchero and DCI intended to market wine under the name DUCK COMMANDER.

45.     On or about July 25, 2013, over 30 years after Duckhorn registered the DUCKHORN TRADEMARKS, DCI sought federal registration of the mark "DUCK COMMANDER" for wines (Serial No. 76/714,627).  Attached hereto as Exhibit "K" is a copy of DCI's trademark application file.

46.     On or about October 28, 2013, Duckhorn filed an opposition to DCI's application for registration of the "DUCK COMMANDER" mark.

47.     Notwithstanding Duckhorn's well-known and prior common law and statutory rights in the CA DUCKHORN and DUCKHORN TRADEMARKS, Defendants, with at least constructive notice of Duckhorn's state and federal registrations, and long after Duckhorn had established rights in the CA DUCKHORN and DUCKHORN TRADEMARKS, began deliberately, willfully and maliciously producing, advertising and/or selling the DUCK COMMANDER brand of wines, which includes Triple Threat Red Blend, Wood Duck Chardonnay and Miss Priss Pink Moscato (all retailing at $9.99 a bottle).  Specifically, Defendants have and continue to advertise

1   extensively the DUCK COMMANDER wines on Trinchero's website, have hosted a November

2   19, 2013, party (dubbed "Happy, Happy, Happy Hour") in Napa County, California celebrating the

3   launch of DUCK COMMANDER wines (which included the attendance of local distributors as

4   guests), and have sold, and continue to sell, DUCK COMMANDER wines in Walmart locations

5   across the United States.  Further, Trinchero and DCI intend to begin selling DUCK

6   COMMANDER wines in other retail outlets beginning in January 2014.  Attached hereto as

7   Exhibits "L", "M" and "N" are the published wine labels of the Triple Threat Red Blend, Wood

8   Duck Chardonnay and Miss Priss Pink Moscato DUCK COMMANDER wines, respectively.

9       48.     Defendants' infringing use of the DUCK COMMANDER wine has already caused

10  actual consumer confusion.  In a November 22, 2013, search for "duck commander wine" on the

11  Yahoo!™ search engine, Duckhorn appeared along with several DUCK COMMANDER

12  advertisements.  Duckhorn Wine Company was identified under the heading "Ads related to duck

13  commander wine."  Attached hereto as Exhibit "D" is the 11/22/2013 search for "duck commander

14  wine" on the Yahoo!™ search engine.

15      49.     Likewise, in a November 22, 2013, search for "duck commander wine" on the

16  Bing™ search engine,  Duckhorn appeared along with several DUCK COMMANDER

17  advertisements.  Duckhorn Wine Company was identified under the heading "Ads related to duck

18  commander wine."  Attached hereto as Exhibit "E" is the 11/22/2013 search for "duck commander

19  wine" on the Bing™ search engine.

20      50.     On November 20, 2013, counsel for Duckhorn sent a cease and desist letter to

21  Trinchero setting forth Duckhorn's trademark rights, requesting a meeting with the Robertson

22  Family, who were at that time in the Napa Valley to discuss the matter, and demanding that

23  Trinchero and DCI discontinue the use of the confusingly similar DUCK COMMANDER name

24  and mark.  A copy of that letter is attached hereto as Exhibit "A" and is incorporated herein by this

25  reference.

26

27

28

DUCKHORN WINE COMPANY'S
COMPLAINT

11

51.     Without any regard for Duckhorn's cease and desist letter, Defendants continue to deliberately, willfully and maliciously use the DUCK COMMANDER mark to their own economic and reputational advantage and to the severe disadvantage of Duckhorn.

## FIRST CAUSE OF ACTION

### (Trademark Infringement in Violation of the Lanham Act, 15 U.S.C. § 1114)

52.     Duckhorn hereby incorporates and re-alleges paragraphs 1 through 51 of the Complaint as though fully set forth herein.

53.     Duckhorn possesses valid, federal registered trademarks entitled to protection under the Lanham Act.

54.     The DUCKHORN TRADEMARKS are distinctive, unique and exceptionally strong.

55.     Defendants have never been authorized to use any of the DUCKHORN TRADEMARKS.

56.     Notwithstanding Duckhorn's well-known and prior common law and statutory rights in the DUCKHORN TRADEMARKS, Defendants, with at least constructive notice of Duckhorn's federal registrations, and long after Duckhorn had established rights in the DUCKHORN TRADEMARKS, began deliberately, willfully and maliciously producing, advertising and selling wines with labels prominently featuring the confusingly similar name and mark, DUCK COMMANDER, in interstate commerce.

57.     Defendants' use of the confusingly similar name DUCK COMMANDER has caused confusion and mistake as to the source of the DUCK COMMANDER wine and as to the source of Duckhorn's wines.  In particular, purchasers are likely to purchase DUCK COMMANDER wine, believing it to be Duckhorn wine, or, alternatively, purchasers of Duckhorn's wines are going to believe there is now some affiliation between Duckhorn and DUCK COMMANDER as evidenced by the two examples of actual confusion attached hereto.  Given the widespread recognition of DCI's brand, through its *Duck Dynasty* cable show and books landing on the *New York Tim*es' *Best Sellers* list, Trinchero's mass-distribution of wines and the thousands

of Walmart locations across the United States, there is a substantial risk that purchasers are likely to believe that Duckhorn's "DUCKHORN" wines are made by Trinchero and DCI. In either event, Duckhorn faces potential economic and reputational loss because Defendants' DUCK COMMANDER wines are likely to be inferior to Duckhorn's exceptional wines.

58. Defendants' use in inter-state commerce, including in California, of the name DUCK COMMANDER to produce, advertise and sell their wine is an infringement of Duckhorn's DUCKHORN TRADEMARKS in violation of 15 U.S.C. § 1114.

59. Defendants' acts of trademark infringement are deliberate, willful, malicious and have been committed with a reckless disregard of their likelihood to cause confusion and mistake.

60. Duckhorn has repeatedly requested that Trinchero and DCI cease and desist from their infringing acts, but Trinchero and DCI have ignored these requests.

61. Duckhorn has no adequate remedy at law, is suffering and/or has suffered irreparable harm and damages as a result of the aforementioned acts of Defendants in an amount that is yet to be ascertained.

## SECOND CAUSE OF ACTION

### (Trademark Dilution in Violation of 15 U.S.C. § 1125)

62. Duckhorn hereby incorporates and re-alleges paragraphs 1 through 61 of the Complaint as though fully set forth herein.

63. The DUCKHORN TRADEMARKS are "famous" within the meaning of the Trademark Dilution Revision Act of 2006, and widely recognized by the consuming public in the United States.

64. Defendants' use of the confusingly similar name DUCK COMMANDER and duck motif in interstate commerce has diluted and will continue to dilute the distinctive and famous quality of the DUCKHORN TRADEMARKS in violation of 15 U.S.C. § 1125(c).

65. Defendants' use of the confusingly similar name DUCK COMMANDER and duck motif in connection with the production, advertisement and sale of wine came long after the DUCKHORN TRADEMARKS were first used and long after they became famous.

66.    As a result of Defendants' production, advertisement and sale of wines using the confusingly similar DUCK COMMANDER name and duck motif, Duckhorn has and will continue to suffer damages to its business, reputation and goodwill, as well as the loss of sales and profits which Duckhorn would have made but for Defendants' acts and which has resulted in profits to Defendants.

67.    Unless and until enjoined and restrained by order of this Court to cease use of the confusingly similar DUCK COMMANDER name and duck motif, Defendants will continue to cause great and irreparable injury to Duckhorn. Customers and potential customers will associate Defendants and their products with Duckhorn. The good will and reputation Duckhorn has established in its famous DUCKHORN TRADEMARKS will be cheapened and tarnished.

68.    Duckhorn has no adequate remedy at law for Defendants' dilution of the DUCKHORN TRADEMARKS and thus is entitled to injunctive relief.

### THIRD CAUSE OF ACTION

### (Trademark Infringement in Violation of Bus. & Prof. Code § 14245)

69.    Duckhorn hereby incorporates and re-alleges paragraphs 1 through 68 of the Complaint as though fully set forth herein.

70.    Duckhorn possesses at least one valid, California registered trademark entitled to protection under California's Business & Professions Code.

71.    The CA DUCKHORN trademark is distinctive, unique and exceptionally strong.

72.    Defendants have never been authorized to use the CA DUCKHORN trademark.

73.    Notwithstanding Duckhorn's well-known and prior common law and statutory rights in the CA DUCKHORN trademark, Defendants, with at least constructive notice of Duckhorn's California registration, and long after Duckhorn had established rights in the CA DUCKHORN trademark, began deliberately, willfully and maliciously producing, advertising and selling wines with labels prominently featuring the confusingly similar name and mark, DUCK COMMANDER, in interstate commerce.

74.     Defendants' use of the confusingly similar name DUCK COMMANDER and duck motif has caused confusion and mistake as to the source of the DUCK COMMANDER wine and as to the source of Duckhorn's wines.  In particular, purchasers are likely to purchase DUCK COMMANDER wine, believing it to be Duckhorn wine, or, alternatively, purchasers of Duckhorn's wines are going to believe there is now some affiliation between Duckhorn and DUCK COMMANDER as evidenced by the two examples of actual confusion attached hereto.  Given the widespread recognition of DCI's brand, through its *Duck Dynasty* cable show and books landing on the *New York Time*s' *Best Sellers* list, Trinchero's mass-distribution of wines and the thousands of Walmart locations across the United States, there is a substantial risk that purchasers are likely to believe that Duckhorn's "DUCKHORN" wines are made by Trinchero and DCI.  In either event, Duckhorn faces potential economic and reputational loss because Defendants' DUCK COMMANDER wines are likely to be inferior to Duckhorn's exceptional wines.

75.     Defendants' use in California of the name DUCK COMMANDER and duck motif to produce, advertise and sell their wine in California is an infringement of Duckhorn's CA DUCKHORN trademark in violation of Bus. & Prof. Code § 14245.

76.     Defendants' acts of trademark infringement are deliberate, willful, malicious and have been committed with a reckless disregard of their likelihood to cause confusion and mistake.

77.     Duckhorn has repeatedly requested that Trinchero and DCI cease and desist from their infringing acts, but Trinchero and DCI have ignored these requests.

78.     Duckhorn has no adequate remedy at law, is suffering and/or has suffered irreparable harm and damages as a result of the aforementioned acts of Defendants in an amount that is yet to be ascertained.

## **FOURTH CAUSE OF ACTION**

### **(Trademark Dilution in Violation of Bus. & Prof. Code § 14247)**

79.     Duckhorn hereby incorporates and re-alleges paragraphs 1 through 78 of the Complaint as though fully set forth herein.

80.    The CA DUCKHORN trademark is "famous" and widely recognized by the general wine consuming public of the State of California.

81.    Defendants' use of the confusingly similar name DUCK COMMANDER and duck motif has and will continue to dilute the distinctive quality and character of the famous CA DUCKHORN trademark in violation of Bus. & Prof. Code § 14247.

82.    Defendants' use of the confusingly similar name DUCK COMMANDER and duck motif in connection with the production, advertisement and sale of wine came long after the CA DUCKHORN trademark was first used and long after they became famous.

83.    As a result of Defendants' production, advertisement and sale of wines using the confusingly similar name DUCK COMMANDER and duck motif, Duckhorn has and will continue to suffer damages to its business, reputation and goodwill, as well as the loss of sales and profits which Duckhorn would have made but for Defendants' acts and which has resulted in profits to Defendants.

84.    Unless and until enjoined and restrained by order of this Court to cease use of the confusingly similar DUCK COMMANDER name and mark, Defendants will continue to cause great and irreparable injury to Duckhorn.  Customers and potential customers will associate Defendants and their products with Duckhorn.  The good will and reputation Duckhorn has established in its famous CA DUCKHORN trademark will be cheapened and tarnished.

85.    Duckhorn has no adequate remedy at law for Defendants' dilution of the CA DUCKHORN trademark and thus is entitled to injunctive relief.

## FIFTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

86.    Duckhorn hereby incorporates and re-alleges paragraphs 1 through 85 of the Complaint as though fully set forth herein.

87.    The general wine-consuming public of California generally recognizes the CA DUCKHORN trademark and DUCKHORN TRADEMARKS as designating Duckhorn as the

source of services and/or goods.  Duckhorn has common law trademark rights in the CA DUCKHORN trademark and DUCKHORN TRADEMARKS under California law.

88.     Defendants' use of the confusingly similar name DUCK COMMANDER and duck motif has caused confusion and mistake as to the source of the DUCK COMMANDER wine and as to the source of Duckhorn's wines.  In particular, purchasers are likely to purchase DUCK COMMANDER wine, believing it to be Duckhorn wine, or, alternatively, purchasers of Duckhorn's wines are going to believe there is now some affiliation between Duckhorn and DUCK COMMANDER as evidenced by the two examples of actual confusion attached hereto.  Given the widespread recognition of DCI's brand, through its *Duck Dynasty* cable show and books landing on the *New York Tim*es' *Best Sellers* list, Trinchero's mass-distribution of wines and the thousands of Walmart locations across the United States, there is a substantial risk that purchasers are likely to believe that Duckhorn's "DUCKHORN" wines are made by Trinchero and DCI.  In either event, Duckhorn faces potential economic and reputational loss because Defendants' DUCK COMMANDER wines are likely to be inferior to Duckhorn's exceptional wines.

89.     Defendants' use in California of the name DUCK COMMANDER to produce, advertise and sell their wine in California is an infringement of Duckhorn's common law trademark rights in the CA DUCKHORN trademark and DUCKHORN TRADEMARKS.

90.     Defendants' acts of trademark infringement are deliberate, willful, malicious and have been committed with a reckless disregard of their likelihood to cause confusion and mistake.

91.     Duckhorn has repeatedly requested that Trinchero and DCI cease and desist from their infringing acts, but Trinchero and DCI have ignored these requests.

92.     Duckhorn has no adequate remedy at law, is suffering and/or has suffered irreparable harm and damages as a result of the aforementioned acts of Defendants in an amount that is yet to be ascertained.

## SIXTH CAUSE OF ACTION

### (Violation of Cal. Unfair Competition Law, Bus. & Prof. Code § 17200)

93.     Duckhorn hereby incorporates and re-alleges paragraphs 1 through 92 of the Complaint as though fully set forth herein.

94.     As detailed in the preceding paragraphs, Defendants engaged in unfair and unlawful acts that have impaired Duckhorn's goodwill, infringed its trademarks, created a likelihood of confusion, and otherwise adversely affected Duckhorn's business and reputation.

95.     Defendants' conduct is unfair because Defendants' actual and intended use of the confusingly similar name DUCK COMMANDER and duck motif has caused confusion and mistake as to the source of the DUCK COMMANDER wine and as to the source of Duckhorn's wines.  In particular, purchasers are likely to purchase DUCK COMMANDER wine, believing it to be Duckhorn wine, or, alternatively, purchasers of Duckhorn's wines are going to believe there is now some affiliation between Duckhorn and DUCK COMMANDER as evidenced by the two examples of actual confusion attached hereto.  Given the widespread recognition of DCI's brand, through its *Duck Dynasty* cable show and books landing on the *New York Time*s' *Best Sellers* list, Trinchero's mass-distribution of wines and the thousands of Walmart locations across the United States, there is a substantial risk that purchasers are likely to believe that Duckhorn's "DUCKHORN" wines are made by Trinchero and DCI.

96.     Defendant's conduct is also unfair because Defendants' actual and intended use of the confusingly similar name DUCK COMMANDER and duck motif in California has and/or is likely to dilute, tarnish or cheapen the distinctiveness, image, and/or reputation of Duckhorn's CA DUCKHORN trademark and DUCKHORN TRADEMARKS.

97.     Defendants' conduct is unlawful because Defendants' actual and intended use of the name DUCK COMMANDER and duck motif in California constitutes infringement and dilution of the CA DUCKHORN trademark and DUCKHORN TRADEMARKS as discussed throughout this Complaint.

98.     As a result of Defendants' conduct Duckhorn has suffered and will continue to suffer damages, including dilution to the CA DUCKHORN trademark and DUCKHORN TRADEMARKS.

**PRAYER FOR RELIEF**

WHEREFORE, Duckhorn prays for the following relief:

1.     That Defendants, their officers, agents, servants, employees, and attorneys and all those persons in active concert or participation with Defendants be temporarily, preliminarily and permanently enjoined from:

        a.     Using the mark DUCK COMMANDER, or any confusingly similar designation alone or in combination with other words, images or motifs as a trademark or trade name component, to market, advertise or identify Defendants' wines or related products;

        b.     Otherwise infringing Duckhorn's CA DUCKHORN trademark and DUCKHORN TRADEMARKS;

        c.     Unfairly competing with Duckhorn in any manner whatsoever; and

        d.     Causing a likelihood of confusion, injury to business reputation, or the dilution of the distinctiveness of Duckhorn's symbols, labels, or forms of advertisement;

2.     That Defendants account and pay over to Duckhorn all damages sustained by Duckhorn and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those damages be increased as provided by law under 15 U.S.C. § 1117(a);

3.     That Duckhorn recover its attorneys' fees from Defendants;

4.     That Duckhorn be awarded compensatory, punitive and exemplary damages in amounts to be determined according to proof at trial;

5.     That Duckhorn be awarded its costs as provided by 15 U.S.C. § 1117;

6.     That pursuant to 15 U.S.C. § 1119, this Court cancel any trademark registrations which issue based on applications bearing Serial No. 76/714,627;

7.     An award of pre-judgment and post-judgment interest; and

8.     Such other relief as the Court deems just and proper.

Dated:  November 27, 2013

BUNSOW, DE MORY, SMITH & ALLISON LLP

_/s/ Henry C. Bunsow_
Henry C. Bunsow (SBN 060707)
hbunsow@bdiplaw.com
Brian A.E. Smith (SBN 188147)
bsmitih@bdiplaw.com
Robin Curtis (SBN 271702)
rcurtis@bdiplaw.com
BUNSOW, DE MORY, SMITH & ALLISON LLP
351 California Street, Suite 200
San Francisco, CA  94104
Tel: (415) 426-4747
Fax: (415) 426-4744

Denise M. De Mory (SBN 168076)
ddemory@bdiplaw.com
Jeffrey D. Chen (SBN 267837)
jchen@bdiplaw.com
BUNSOW, DE MORY, SMITH & ALLISON LLP
600 Allerton Street, Suite 101
Redwood City, CA 94063
Tel:  650-351-7248
Fax: 650-351-7253

_Attorneys for Plaintiff_
Duckhorn Wine Company

DUCKHORN WINE COMPANY'S
COMPLAINT

20

1

<u>DEMAND FOR JURY TRIAL</u>

2

Duckhorn hereby requests a trial by jury in this matter.

3

4

Dated: November 27, 2013                BUNSOW, DE MORY, SMITH & ALLISON LLP

5

6

*/s/ Henry C. Bunsow*
Henry C. Bunsow (SBN 060707)

7

hbunsow@bdiplaw.com
Brian A.E. Smith (SBN 188147)

8

bsmitih@bdiplaw.com
Robin Curtis (SBN 271702)

9

rcurtis@bdiplaw.com
BUNSOW, DE MORY, SMITH & ALLISON LLP

10

351 California Street, Suite 200
San Francisco, CA 94104

11

Tel: (415) 426-4747
Fax: (415) 426-4744

12

Denise M. De Mory (SBN 168076)

13

ddemory@bdiplaw.com
Jeffrey D. Chen (SBN 267837)

14

jchen@bdiplaw.com
BUNSOW, DE MORY, SMITH & ALLISON LLP

15

600 Allerton Street, Suite 101
Redwood City, CA 94063

16

Tel: 650-351-7248
Fax: 650-351-7253

17

*Attorneys for Plaintiff*

18

Duckhorn Wine Company

19

20

21

22

23

24

25

26

27

28

DUCKHORN WINE COMPANY'S                21
COMPLAINT