J. SCOTT GERIEN, State Bar No. 184728
JOHN N. HEFFNER, State Bar No. 221557
DICKENSON, PEATMAN & FOGARTY
1455 First Street, Ste. 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Defendants & Counterclaimants
DUCK COMMANDER, INC. AND
SUTTER HOME WINERY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Duckhorn Wine Company, a California Corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>Sutter Home Winery, Inc., d/b/a Trinchero Family Estates, Duck Commander, Inc., and Wal-Mart Stores Inc.,<br><br>      Defendants. | CASE NO.  13-05525 EDL<br><br>**ANSWER AND COUNTERCLAIM FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |
| Duckhorn Wine Company, a California Corporation,<br><br>      Plaintiff & Counterdefendant,<br><br>      v.<br><br>Sutter Home Winery, Inc., d/b/a Trinchero Family Estates, Duck Commander, Inc., and Wal-Mart Stores Inc.,<br><br>      Defendants & Counterclaimants. | |

///

///

///

## ANSWER

Defendants and Counterclaimants, Duck Commander, Inc. ("DCI") and Sutter Home Winery, Inc ("SHW") (collectively "Defendants"), for their Answer to the Complaint filed by Plaintiff and Counterdefendant, Duckhorn Wine Company ("Plaintiff"), allege as follows:

1. Defendants are without sufficient information and knowledge as to Duckhorn's motivation in initiating the action and on such basis deny that Duckhorn is seeking to protect its trademarks in bringing the lawsuit. Defendants further deny all of the remaining allegations in Paragraph 1 of the Complaint.

2. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 2 of the Complaint and on such basis deny such allegations.

3. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 3 of the Complaint and on such basis deny such allegations.

4. Defendants admit that they use, either directly or through licensing, the mark DUCK COMMANDER and images of ducks on and in association with wine. Defendants deny all of the remaining allegations in Paragraph 4 of the Complaint.

5. SHW admits that it was contacted on or about October 1, 2013 by Duckhorn requesting a meeting concerning the DUCK COMMANDER mark. DCI admits to the occurrence of such contact based on representations made to DCI by SHW. Defendants deny all of the remaining allegations in Paragraph 5 of the Complaint.

6. SHW admits that it met with Duckhorn in early November 2013 at SHW's offices, that Duckhorn made several proposals to SHW to settle the dispute, and that SHW made no settlement proposals of its own. DCI also admits to the occurrence of such same events admitted by SHW based on representations made to DCI by SHW. Defendants deny all of the remaining allegations in Paragraph 6 of the Complaint.

7. Denied.

8. Defendants deny the first sentence of Paragraph 8 of the Complaint. Defendants are without sufficient information and knowledge as to Duckhorn's hopes and on such

basis deny the allegations contained in the second sentence of Paragraph 8 of the Complaint. Exhibit A attached to the Complaint speaks for itself.

9. Defendants admit to the allegations contained in the first sentence of Paragraph 9 of the Complaint and to the authenticity of Exhibit B attached to the Complaint. Defendants deny the third and fourth sentences of Paragraph 9 of the Complaint. Defendants are without sufficient information and knowledge as to the allegations contained in the fifth and sixth sentences of Paragraph 9 of the Complaint and on such basis deny such allegations. Exhibit C attached to the Complaint speaks for itself. Defendants deny the eighth and ninth sentences of Paragraph 9 of the Complaint.

10. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 10 of the Complaint and on such basis deny such allegations.

11. SHW admits that it a California corporation and its principal place of business address as alleged, and DCI also admits to such facts based on SHW's representation. Defendants deny all remaining allegations in Paragraph 11 of the Complaint.

12. DCI denies the allegations contained in the fourth, fifth and sixth sentences of Paragraph 12 of the Complaint and admits the remaining allegations in Paragraph 12. SHW makes such same denial and admissions based on the representations made by DCI.

13. DCI admits that it licenses, markets, promotes and sells a wide manner of products using the DUCK COMMANDER name and mark and that it has embarked on a plan to license the DUCK COMMANDER mark for use on wine to be sold at retail stores throughout the country, including Walmart stores, and DCI otherwise denies the allegations contained in the first sentence of Paragraph 13 of the Complaint. DCI admits the second sentence of Paragraph 13 of the Complaint. SHW makes such same denial and admissions based on the representations made by DCI.

14. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 14 of the Complaint and on such basis deny such allegations.

15. Denied.

16. Admitted.

17. Defendants admit that the DUCK COMMANDER mark and a duck design are used by Defendants, either directly or through licensing, on and in association with wine in the State of California and within this judicial district.

18. Defendants admit that they have transacted business in the State of California and within this judicial district and SHW admits that it resides in this judicial district and Defendants expected their acts to have consequence in the State of California and within this judicial district.

19. Defendants admit that venue is proper.  Defendants deny the remaining allegations of Paragraph 19 of the Complaint.

20. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 20 of the Complaint and on such basis deny such allegations.

21. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 21 of the Complaint and on such basis deny such allegations.

22. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 22 of the Complaint and on such basis deny such allegations.

23. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 23 of the Complaint and on such basis deny such allegations.

24. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 24 of the Complaint and on such basis deny such allegations.

25. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 25 of the Complaint and on such basis deny such allegations.

26. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 26 of the Complaint and on such basis deny such allegations.

27. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 27 of the Complaint and on such basis deny such allegations.

28. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 28 of the Complaint and on such basis deny such allegations.

29. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 29 of the Complaint and on such basis deny such allegations.

30. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 30 of the Complaint and on such basis deny such allegations.

31. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 31 of the Complaint and on such basis deny such allegations.

32. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 32 of the Complaint and on such basis deny such allegations.

33. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 33 of the Complaint and on such basis deny such allegations.

34. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 34 of the Complaint and on such basis deny such allegations.

35. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 35 of the Complaint and on such basis deny such allegations.

36. Denied.

37. Admitted.

38. Admitted.

39. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 39 of the Complaint and on such basis deny such allegations.

40. Admitted.

41. Admitted.

42. Denied.

43. Denied.

44. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 44 of the Complaint and on such basis deny such allegations.

45. Denied.

46. Admitted.

47. Defendants admit that they were aware of Duckhorn's registered trademarks encompassing the term DUCKHORN when they began using, either directly or through a license, the DUCK COMMANDER trademark on and in association with wine which includes different wine varieties under the sub-brands TRIPLE THREAT RED BLEND, WOOD DUCK CHARDONNAY and MISS PRISS PINK MOSCATO, that SHW's web site advertises these wines, that Defendants hosted a November 19, 2013 launch party for the DUCK COMMANDER wines and that DUCK COMMANDER wines have sold and continue to be sold in Walmart locations.  Defendants admit that Exhibits L, M and N attached to the Complaint reflect the wine labels for the DUCK COMMANDER wine.   Defendants deny the remaining allegations contained in Paragraph 47 of the Complaint.

48. Denied.  The search results attached as Exhibit D to the Complaint appear to represent advertising which, upon information and belief, would have been purchased and placed by Duckhorn.

49. Denied.  The search results attached as Exhibit E to the Complaint appear to represent advertising which, upon information and belief, would have been purchased and placed by Duckhorn.

50. Admitted.

51. Defendants admit that they continue to use, either directly or by license, the mark DUCK COMMANDER on and in association with wine.  Defendants deny the remaining allegations contained in Paragraph 51 of the Complaint.

///

///

///

///

**FIRST CAUSE OF ACTION**
**(Trademark Infringement, 15 U.S.C. § 1114)**

52. Defendants hereby incorporate and re-allege their answers to Paragraphs 1 through 51 of the Complaint as though fully set forth herein.

53. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 53 of the Complaint and on such basis deny such allegations.

54. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 54 of the Complaint and on such basis deny such allegations.

55. Admitted.

56. Defendants admit that they were aware of Duckhorn's registered trademarks encompassing the term DUCKHORN when they began using, either directly or through a license, the DUCK COMMANDER trademark on and in association with wine. Defendants deny the remaining allegations in Paragraph 56 of the Complaint.

57. Denied.

58. Denied.

59. Denied.

60. Defendants admit that Duckhorn has requested they cease use of the DUCK COMMANDER mark on and in association with wine but that Defendants have refused to cease use. Defendants deny the remaining allegations in Paragraph 56 of the Complaint.

61. Denied.

**SECOND CAUSE OF ACTION**
**(Trademark Dilution, 15 U.S.C. § 1125)**

62. Defendants hereby incorporate and re-allege their answers to Paragraphs 1 through 61 of the Complaint as though fully set forth herein.

63. Denied.

ANSWER AND COUNTERCLAIM
FOR DECLARATORY RELIEF                    7

CASE NO.  13-05525 EDL

64. Denied.

65. Defendants admit that their use of DUCK COMMANDER and images of ducks on and in association with wine came after Duckhorn first used its trademarks encompassing the term DUCKHORN.  Defendants deny the remaining allegations in Paragraph 65 of the Complaint.

66. Denied.

67. Denied.

68. Denied.


**THIRD CAUSE OF ACTION**
**(Trademark Infringement, Bus. & Prof. Code §14245)**

69. Defendants hereby incorporate and re-allege their answers to Paragraphs 1 through 68 of the Complaint as though fully set forth herein.

70. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 70 of the Complaint and on such basis deny such allegations.

71. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 71 of the Complaint and on such basis deny such allegations.

72. Admitted.

73. Defendants are without sufficient information and knowledge as to the allegation as to Duckhorn's rights in a California trademark registration for DUCKHORN and on such basis deny such allegation. Defendants admit that if such registration was valid and in force, they would have had constructive knowledge of such California trademark registration when they began using, either directly or through a license, the DUCK COMMANDER trademark on and in association with wine.  Defendants deny the remaining allegations in Paragraph 73 of the Complaint.

74. Denied.

75. Denied.

76. Denied.

77. Defendants admit that Duckhorn has requested they cease use of the DUCK COMMANDER mark on and in association with wine but that Defendants have refused to cease use. Defendants deny the remaining allegations in Paragraph 77 of the Complaint.

78. Denied.

## FOURTH CAUSE OF ACTION
### (Trademark Dilution, Bus. & Prof. Code § 14247)

79. Defendants hereby incorporate and re-allege their answers to Paragraphs 1 through 78 of the Complaint as though fully set forth herein.

80. Denied.

81. Denied.

82. Defendants admit that their use of DUCK COMMANDER and images of ducks on and in association with wine came after Duckhorn first used its trademarks encompassing the term DUCKHORN.  Defendants deny the remaining allegations in Paragraph 82 of the Complaint.

83. Denied.

84. Denied.

85. Denied.

## FIFTH CAUSE OF ACTION
### (Common Law Trademark Infringement)

86. Defendants hereby incorporate and re-allege their answers to Paragraphs 1 through 85 of the Complaint as though fully set forth herein.

87. Defendants are without sufficient information and knowledge as to the allegations contained in Paragraph 87 of the Complaint and on such basis deny such allegations.

88. Denied.

89. Denied.

90. Denied.

91. Defendants admit that Duckhorn has requested they cease use of the DUCK COMMANDER mark on and in association with wine but that Defendants have refused to cease use. Defendants deny the remaining allegations in Paragraph 91 of the Complaint.

92. Denied.

## SIXTH CAUSE OF ACTION
### (Unfair Competition Law, Bus. & Prof. Code §17200)

93. Defendants hereby incorporate and re-allege their answers to Paragraphs 1 through 92 of the Complaint as though fully set forth herein.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

## PRAYER FOR RELIEF

Wherefore, Defendants request that all of Plaintiff's claims and the relief requested be denied in their entirety and that judgment be entered in favor of Defendants.

This constitutes an exceptional case such that Defendants should be awarded their attorneys' fees pursuant to 15 U.S.C. § 1117(a). Defendants further request that they be awarded their costs and expenses.

///

///

ANSWER AND COUNTERCLAIM                                    CASE NO. 13-05525 EDL
FOR DECLARATORY RELIEF              10

## DEFENDANTS' COUNTERCLAIM

Defendants and Counterclaimants, Duck Commander, Inc. ("DCI") and Sutter Home Winery, Inc ("SHW") (collectively "Counterclaimants"), for their complaint against Plaintiff and Counterdefendant, Duckhorn Wine Company ("Counterdefendant"), allege as follows:

## NATURE OF ACTION

1. This is an action for declaratory relief under the Declaratory Judgment Act seeking a declaration of the Court that Counterclaimants have not infringed and/or violated any rights of Counterdefendant under the Lanham Act by virtue of Counterclaimants' use of the trademark DUCK COMMANDER on wine.

## THE PARTIES

2. Counterclaimant Duck Commander, Inc. is a Louisiana corporation with its principal place of business located at 117 Kings Lane, West Monroe, Louisiana 71292

3. Counterclaimant Sutter Home Winery, Inc. is a California corporation with its principal place of business located at 100 St. Helena Highway South, St. Helena, California 94574.

4. Upon information and belief, Counterdefendant Duckhorn Wine Company is a California corporation with its principal place of business located at 1000 Lodi Lane, St. Helena, California  94574.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Counterclaimants' claim under and pursuant to 28 U.S.C. §2201, as the Counterdefendant's coercive action as set forth in greater detail below necessarily presents a federal question under the federal Lanham Act, 15 U.S.C. §1125.

ANSWER AND COUNTERCLAIM
FOR DECLARATORY RELIEF

CASE NO.  13-05525 EDL

6. Upon information and belief, Counterdefendant's principal place of business is located within this judicial district, and Counterdefendant, either directly or through its agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected its acts to have consequence in the State of California and within this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Counterdefendant's principal place of business is located in this judicial district, and Counterdefendant is doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the asserted infringement occurred in this judicial district.

8. As declaratory relief is being sought in relation to claims of trademark infringement, an intellectual property claim, this action may be assigned on a district-wide basis.

## ALLEGATIONS COMMON TO ALL CLAIMS

9. DCI is a family business started in 1973 by Phil Robertson, patriarch of the Robertson family of West Monroe, Louisiana. In 1978, Phil Robertson first made commercial use of the trademark DUCK COMMANDER in association with duck call devices used for hunting. The DUCK COMMANDER mark is now owned by DCI and is the subject of U.S. Trademark Registration No. 1,722,152 issued in 1992.

10. Over the years since its founding, DUCK COMMANDER became a multi-million dollar brand with DUCK COMMANDER duck calls and other duck hunting gear being sold in large retail stores and large outdoor stores throughout the United States.

11. Part of the popularity of the DUCK COMMANDER brand is also directly attributable to Phil Robertson, his brother, and his sons. The Robertson men represent honest family values and are known for their distinctive long beards.

12. The personalities of the Robertson men were first uniquely associated with the DUCK COMMANDER brand as early as the 1980s when the company produced and sold

DUCK COMMANDER videos featuring Phil Robertson and his duck-hunting adventures. As a result of such videos Phil Robertson became a celebrity in the hunting world.

13. In 2009, the Robertsons and the DUCK COMMANDER brand made their transition into television appearing in the television series *Benelli Presents Duck Commander* which aired on the Outdoor Channel for three seasons.

14. Following the *Benelli Presents Duck Commander* series on the Outdoor Channel, the Robertsons and the DUCK COMMANDER brand made the transition to A&E in 2012 where they starred on the new series *Duck Dynasty* which follows the day-to-day lives of the Robertsons and their company, Duck Commander, Inc.

15. The *Duck Dynasty* shows have become the most-watched shows in the history of the A&E television network, and the season-four premiere of the show on August 14, 2013 drew a total of 11.8 million viewers making it the most watched nonfiction series telecast in cable television history.

16. The members of the Robertson family of DUCK COMMANDER were recently identified by Barbara Walters as among the "10 Most Fascinating People of 2013," along with Pope Francis, and will be appearing on Ms. Walters' annual special on ABC on December 18, 2013. According to Yahoo, and as evidence of their popularity, the Robertson men of DUCK COMMANDER were the most searched costume idea for Halloween in 2013. The Robertsons also appeared in the 2013 Macy's Thanksgiving Day Parade.

17. The Robertsons of DUCK COMMANDER have also been featured in numerous other media outlets, appearing on television on *Conan*, *Tonight Show with Jay Leno*, *Late Night with Jimmy Fallon*, *Live! with Kelly and Michael*, *Today*, *Katie*, *The Wendy Williams Show* and *700 Club*, not to mention virtually every major television news channel. The Robertsons of DUCK COMMANDER have also been featured in most major newspapers, not to mention magazines such as *People, Us* and *Time*.

18. As a result of their fame and unique association with the DUCK COMMANDER brand, the Robertsons, through DCI, have licensed use of the DUCK COMMANDER brand on numerous goods including videos, books, clothing, coolers, thermo bottles, cutting boards, aprons, platters, cookie jars, cups, water bottles, Christmas ornaments, decals, key chains, fleece blankets, cologne, shower gel, balloons, bracelets, lanyards, koozies, decals, posters, decorative tiles, license plates, seasonings and marinades. Below is an image showing an example of such licensed products:



19. In the Summer of 2013, DCI approached Plaintiff, Sutter Home Winery, Inc. ("SHW"), owned by the Trinchero family, about the possibility of producing and distributing a DUCK COMMANDER wine under license from DCI.  As a family-owned winery, SHW, like DCI, has multiple generations of the family working within the business. The Trincheros believe that DCI and the Robertsons shared the same core values as the Trincheros and SHW and on such basis moved forward to create a business relationship whereby SHW would produce and sell DUCK COMMANDER wine under a trademark license from DCI.

20. On July 25, 2013, DCI filed U.S. Trademark Application Serial No. 76/714,627 for the mark DUCK COMMANDER and U.S. Trademark Application Serial No 76/714,615 for the mark DUCKMEN, both for wines based on intended use.  Such applications were approved by the U.S. Patent and Trademark Office and published for opposition on October 1, 2013.

ANSWER AND COUNTERCLAIM
FOR DECLARATORY RELIEF                  14

CASE NO.  13-05525 EDL

21. On September 30, 2013, SHW made its first shipment of DUCK COMMANDER wine under license from DCI.  The first vintage of DUCK COMMANDER wine includes a Red Blend, a Chardonnay and a Pink Moscato.  The DUCK COMMANDER wine is currently sold at retail for approximately $10 per bottle.  The labels for the DUCK COMMANDER wine are shown immediately below and feature a duck camouflage background with the DUCK COMMANDER word mark and logo, as well as the mark ROBERTSON FAMILY WINES:



22. The DUCK COMMANDER wines are marketed in association with the Robertson family.  This is because it is the Robertson family and their DUCK COMMANDER brand that is appealing to the consumer.  Below is an example of such marketing from the SHW website:

///

///

///

///

///

///

///

///

ANSWER AND COUNTERCLAIM                                                     CASE NO.  13-05525 EDL
FOR DECLARATORY RELIEF                    15



23. The media stories surrounding the release of the DUCK COMMANDER wine have also prominently featured the Robertson family and their association with the wine. Below is an excerpt from the story on the DUCK COMMANDER wine recently featured on People Magazine web site:







24. Counterdefendant is the owner of the registered trademarks DUCKHORN and DUCKHORN VINEYARDS for wine based on alleged first use of the marks in 1980.

Upon information and belief, the winery is named after the Duckhorn family which founded the winery.  However, controlling interest in the winery was purchased by a private equity firm in 2007.  According to Counterdefendant's web site, its wines sell at retail from $29 - $95 per bottle.  The DUCKHORN label features a traditional beige background with the image of a duck floating on top of water and the DUCKHORN VINEYARDS word mark as shown below:



25. On October 29, 2013, Counterdefendant filed Notices of Opposition with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office opposing DCI's trademark applications for DUCK COMMANDER and DUCKMEN, both for wine, claiming the marks are confusingly similar to the DUCKHORN mark.

26. Shortly thereafter, at Duckhorn's request, the principals of SHW, including Roger Trinchero and Bob Torres, met with Duckhorn President Alex Ryan on or about November 6, 2013 to listen to Duckhorn's objections to the DUCK COMMANDER mark based on Duckhorn's belief that the mark is confusingly similar to the DUCKHORN mark.  SHW expressed its disagreement with Duckhorn's position and the meeting ended without any resolution.

27. On November 20, 2013, counsel for Duckhorn sent a demand letter to SHW in which he stated that "if you continue to ignore Duckhorn's concerns and overtures, we will take legal action in the United States District Court for the Northern District of California to enforce Duckhorn's longstanding federal trademark rights and to stop your infringing and unfair competitive activities." The letter then demanded a response within twenty-four hours. A copy of this letter is attached hereto as Exhibit 1.

28. On November 22, 2013, both DCI and SHW responded to the demand letter advising Duckhorn that they would not cease use of the DUCK COMMANDER mark on wine as the mark is not confusingly similar to the DUCKHORN mark. Counterclaimants further emphasized that DUCKHORN does not have a monopoly in the term "duck" for wine. Counterclaimants also advised Counterdefendant that if it did not withdraw its threat of an infringement suit within five days Counterclaimants would initiate a declaratory judgment action. A copy of this letter is attached as Exhibit 2.

29. Not having heard from Counterdefendant as to its intentions by the requested deadline, Counterclaimants filed a complaint for declaratory relief against Counterdefendant on November 27, 2013. However, at the same time Counterdefendant was filing its Complaint for trademark infringement against Counterclaimants. As Counterdefendant's action was first filed, Counterclaimants have dismissed their action and included their claim for declaratory judgment as counterclaim in this action.

30. As the Counterclaimants indicated in their November 22, 2013 letter to Counterdefendant, there are numerous marks encompassing the term "duck" registered by the U.S. Patent and Trademark Office for wine, including, without limitation, the following: LONG DUCK and Design (Reg. No. 4000279); SITTING DUCKS (Reg. No. 3923785); CHICKEN DUCK (Reg. No. 3739624); LUCKY DUCK (Reg. No. 4035432); DUCK TAPE (Reg. No. 3868228); DUCK DUCK GOOSE (Reg. No. 3710358); GREEN DUCK (Reg. No. 3699600); DUCKWORTH WINERY (Reg. No. 3283978); DUCK SHACK (Reg. No. 3545205); UGLY DUCKLING (Reg. No.

3320100); DUCK MUCK (Reg. No. 2855471); WILD DUCK CREEK ESTATE (Reg. No. 3069606); and, DUCK POND (Reg. No. 2374286). There are also several more marks encompassing the term "duck" for wine which have received notices of allowance from the U.S. Patent and Trademark Office, including the following: DUCK DOWN (App. No. 85760213); BANDED DUCK (App. No. 85673459); ORTHODUCKS (App. No. 85638644); and MAD DUCK (App. No. 85448175).

31. In addition to these "duck" marks for wine approved and registered by the U.S. Patent and Trademark Office, there are also numerous unregistered "duck" marks in use for wine which peacefully co-exist with Duckhorn's DUCKHORN mark including the following: DUCK WALK; ONE TOE DUCK; DUCKLEBERRY GRUNT; JONTY'S DUCKS; BUTTERDUCKS WINERY; COLD DUCK; MOON DUCK; and DUCK CREEK RED.

32. DCI's DUCK COMMANDER brand has wide market recognition, and Counterdefendant's claim of likely consumer confusion between DCI's DUCK COMMANDER mark and Counterdefendant's DUCKHORN mark, has created a reasonable apprehension of liability for Counterclaimants and uncertainty for Counterclaimants in continuing to invest in the DUCK COMMANDER mark and develop the brand for wine, even if the Counterdefendant were to dismiss its infringement claims.

33. DCI's DUCK COMMANDER mark and Counterdefendant's DUCKHORN mark are not confusingly similar in the context of the nature of the goods on which they are used, the manner in which the marks appear on the goods in the marketplace, the marketing and distribution channels used for the respective goods, and due to the sophistication of the purchasers of the Counterdefendant's products and the use by third parties of other marks on wine sharing features similar to both DCI's and Counterdefendant's respective marks.

## CLAIM UNDER DECLARATORY JUDGMENT ACT

34. An actual controversy has arisen and now exists between the parties relating to Counterclaimants' ability to continue use of the DUCK COMMANDER trademark without incurring liability to Counterdefendant for infringement of its DUCKHORN trademark for which Counterclaimants desire a declaration of rights.

35. A declaratory judgment is necessary in that Counterclaimants contend, and Counterdefendant denies, that consumers are not likely to be confused between Plaintiff's use of the DUCK COMMANDER or DUCKMEN marks on wine and Counterdefendant's use of its DUCKHORN mark on wine.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a declaratory judgment against Counterdefendant as follows:

1. That the Court declare that there is no infringement of Counterdefendant's DUCKHORN mark by Counterclaimants' use of the DUCK COMMANDER or DUCKMEN marks or likelihood of consumer confusion between the parties' respective marks.

2. That the Commissioner for Trademarks at the U.S. Patent and Trademark Office be ordered to deny Opposition Nos. 91213217 and 91213212 filed against the applications for DUCK COMMANDER and DUCKMEN, respectively.

3. That Counterclaimants be awarded their costs, expenses and attorneys' fees incurred herein; and

4. For such other and further relief that the Court deems just and proper.

///

///

///

///

1 | Dated: __12/18/13__

2

3 | Respectfully submitted,

4 | DICKENSON, PEATMAN & FOGARTY

5

6 | By _____
  | J. Scott Gerien
  | John N. Heffner

7

8 | 1455 First Street, Ste. 301
  | Napa, California 94559
  | Telephone: 707-252-7122
9 | Facsimile: 707-255-6876

10 | Attorneys for Defendants & Counterclaimants,
   | DUCK COMMANDER, INC., AND
11 | SUTTER HOME WINERY, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DICKENSON PEATMAN & FOGARTY

1

<u>DEMAND FOR JURY TRIAL</u>

2

3       Defendants and Counterclaimaints hereby request a trial by jury in this matter.

4

5   Dated: December 18, 2013

6                                        Respectfully submitted,

7                                        DICKENSON, PEATMAN & FOGARTY

8

9                                        By _____
                                            J. Scott Gerien
10                                          John N. Heffner

11                                          1455 First Street, Ste. 301
                                            Napa, California  94559
12                                          Telephone: 707-252-7122
                                            Facsimile: 707-255-6876

13                                          Attorneys for Defendants & Counterclaimants,
                                            DUCK COMMANDER, INC., AND
14                                          SUTTER HOME WINERY, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28