J. SCOTT GERIEN, State Bar No. 184728
JOHN N. HEFFNER, State Bar No. 221557
DICKENSON, PEATMAN & FOGARTY
1455 First Street, Ste. 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Defendant,
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Duckhorn Wine Company,<br><br>Plaintiff,<br><br>v.<br><br>Sutter Home Winery, Inc., d/b/a Trinchero Family Estates, Duck Commander, Inc. and Wal-Mart Stores, Inc.<br><br>Defendants. | CASE NO. C-13-05525 EDL<br><br>**ANSWER AND COUNTERCLAIM FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

## **ANSWER**

Defendant, Wal-Mart Stores, Inc., ("Walmart"), for its Answer to the Complaint filed by Plaintiff Duckhorn Wine Company ("Plaintiff"), alleges as follows:

1. Walmart is without sufficient information and knowledge as to Duckhorn's motivation in initiating the action and on such basis denies that Duckhorn is seeking to protect its trademarks in bringing the lawsuit. Walmart further denies all of the remaining allegations in Paragraph 1 of the Complaint.

2. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 2 of the Complaint and on such basis denies such allegations.

ANSWER 1

3. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 3 of the Complaint and on such basis denies such allegations.

4. Walmart admits that it is selling wine labeled with the mark DUCK COMMANDER and images of ducks. Walmart denies all of the remaining allegations in Paragraph 4 of the Complaint.

5. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 5 of the Complaint and on such basis denies such allegations.

6. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 6 of the Complaint and on such basis denies such allegations.

7. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 7 of the Complaint and on such basis denies such allegations.

8. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 8 of the Complaint and on such basis denies such allegations.

9. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 9 of the Complaint and on such basis denies such allegations.

10. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 10 of the Complaint and on such basis denies such allegations.

11. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 11 of the Complaint and on such basis denies such allegations.

12. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 12 of the Complaint and on such basis denies such allegations.

13. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 13 of the Complaint and on such basis denies such allegations.

14. Walmart admits the first sentence of Paragraph 14 of the Complaint. Walmart admits that it is a large, worldwide public corporation operating retail stores in different parts of the world under various different names and that it sells various products bearing the DUCK COMMANDER mark, including wine. Walmart is without sufficient information and knowledge as to the remaining allegations contained in Paragraph 14 of the Complaint and on such basis denies such allegations.

15. Denied.

16. Admitted.

17. Walmart admits that wine labeled with the DUCK COMMANDER mark and a duck design are sold by Walmart in the State of California and within this judicial district. Walmart is without sufficient information and knowledge as to the remaining allegations contained in Paragraph 17 of the Complaint and on such basis denies such allegations.

18. Walmart admits that it has transacted business in the State of California and within this judicial district.

19. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 19 of the Complaint and on such basis denies such allegations.

20. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 20 of the Complaint and on such basis denies such allegations.

21. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 21 of the Complaint and on such basis denies such allegations.

22. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 22 of the Complaint and on such basis denies such allegations.

23. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 23 of the Complaint and on such basis denies such allegations.

24. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 24 of the Complaint and on such basis denies such allegations.

25. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 25 of the Complaint and on such basis denies such allegations.

26. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 26 of the Complaint and on such basis denies such allegations.

27. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 27 of the Complaint and on such basis denies such allegations.

28. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 28 of the Complaint and on such basis denies such allegations.

29. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 29 of the Complaint and on such basis denies such allegations.

30. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 30 of the Complaint and on such basis denies such allegations.

31. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 31 of the Complaint and on such basis denies such allegations.

32. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 32 of the Complaint and on such basis denies such allegations.

33. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 33 of the Complaint and on such basis denies such allegations.

34. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 34 of the Complaint and on such basis denies such allegations.

35. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 35 of the Complaint and on such basis denies such allegations.

36. Denied.

37. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 37 of the Complaint and on such basis denies such allegations.

38. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 38 of the Complaint and on such basis denies such allegations.

39. Walmart admits that it sells wine, beer and spirits in some of its stores.

40. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 40 of the Complaint and on such basis denies such allegations.

41. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 41 of the Complaint and on such basis denies such allegations.

42. Walmart admits that it has thousands of retail outlets across the country, and denies the remaining allegations contained in Paragraph 42 of the Complaint.

43. Walmart denies the allegations contained in the first sentence of Paragraph 38 of the Complaint and is without sufficient information and knowledge as to the remaining allegations contained in Paragraph 43 of the Complaint and on such basis denies such allegations.

44. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 44 of the Complaint and on such basis denies such allegations.

45. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 45 of the Complaint and on such basis denies such allegations.

46. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 46 of the Complaint and on such basis denies such allegations.

47. Walmart admits that DUCK COMMANDER wines have sold and continue to be sold in Walmart locations. Walmart is without sufficient information and knowledge as to the remaining allegations contained in Paragraph 47 of the Complaint and on such basis denies such allegations.

48. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 48 of the Complaint and on such basis denies such allegations.

49. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 49 of the Complaint and on such basis denies such allegations.

50. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 50 of the Complaint and on such basis denies such allegations.

51. Walmart admits that it continues to sell DUCK COMMANDER wine. Walmart denies the remaining allegations contained in Paragraph 51 of the Complaint.

## FIRST CAUSE OF ACTION

**(Trademark Infringement, 15 U.S.C. § 1114)**

52. Walmart hereby incorporates and re-alleges its answers to Paragraphs 1 through 51 of the Complaint as though fully set forth herein.

53. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 53 of the Complaint and on such basis denies such allegations.

54. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 54 of the Complaint and on such basis denies such allegations.

55. Admitted.

56. Denied as to Walmart. Walmart is without sufficient information and knowledge as to the remaining allegations contained in Paragraph 56 of the Complaint and on such basis denies such allegations.

57. Denied.

58. Denied.

59. Denied.

60. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 60 of the Complaint and on such basis denies such allegations.

61. Denied.

## SECOND CAUSE OF ACTION

**(Trademark Dilution, 15 U.S.C. § 1125)**

62. Walmart hereby incorporates and re-alleges its answers to Paragraphs 1 through 61 of the Complaint as though fully set forth herein.

63. Denied.

64. Denied.

65. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 65 of the Complaint and on such basis denies such allegations.

66. Denied.

67. Denied.

68. Denied.

### THIRD CAUSE OF ACTION

### (Trademark Infringement, Bus. & Prof. Code §14245)

69. Walmart hereby incorporates and re-alleges its answers to Paragraphs 1 through 68 of the Complaint as though fully set forth herein.

70. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 70 of the Complaint and on such basis denies such allegations.

71. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 71 of the Complaint and on such basis denies such allegations.

72. Admitted.

73. Walmart is without sufficient information and knowledge as to the allegation as to Duckhorn's rights in a California trademark registration for DUCKHORN and on such basis deny such allegation. Walmart admits that if such registration was valid and in force, it would have had constructive knowledge of such California trademark registration when it began selling DUCK COMMANDER wine. Walmart denies the remaining allegations in Paragraph 73 of the Complaint.

74. Denied.

75. Denied.

76. Denied.

77. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 77 of the Complaint and on such basis denies such allegations.

ANSWER 8

78. Denied.

## FOURTH CAUSE OF ACTION

### (Trademark Dilution, Bus. & Prof. Code § 14247)

79. Walmart hereby incorporates and re-alleges its answers to Paragraphs 1 through 78 of the Complaint as though fully set forth herein.

80. Denied.

81. Denied.

82. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 82 of the Complaint and on such basis denies such allegations.

83. Denied.

84. Denied.

85. Denied.

## FIFTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

86. Walmart hereby incorporates and re-alleges its answers to Paragraphs 1 through 85 of the Complaint as though fully set forth herein.

87. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 87 of the Complaint and on such basis denies such allegations.

88. Denied.

89. Denied.

90. Denied.

91. Walmart is without sufficient information and knowledge as to the allegations contained in Paragraph 91 of the Complaint and on such basis denies such allegations.

92. Denied.

## SIXTH CAUSE OF ACTION

### (Unfair Competition Law, Bus. & Prof. Code §17200)

93. Walmart hereby incorporates and re-alleges its answers to Paragraphs 1 through 92 of the Complaint as though fully set forth herein.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

## PRAYER FOR RELIEF

Wherefore, Walmart requests that all of Plaintiff's claims and the relief requested be denied in their entirety and that judgment be entered in favor of Walmart.

This constitutes an exceptional case such that Walmart should be awarded its attorneys' fees pursuant to 15 U.S.C. § 1117(a). Walmart further requests that it be awarded its costs and expenses.

///

///

Dated: 12/20/13

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By _____
J. Scott Gerien
John N. Heffner

1455 First Street, Ste. 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Defendant,

WAL-MART STORES, INC.

ANSWER 11

## DEMAND FOR JURY TRIAL

Defendant hereby requests a trial by jury in this matter.

Dated: December 20, 2013

                Respectfully submitted,

                DICKENSON, PEATMAN & FOGARTY

                By _____
                    J. Scott Gerien
                    John N. Heffner

                1455 First Street, Ste. 301
                Napa, California 94559
                Telephone: 707-252-7122
                Facsimile: 707-255-6876

                Attorneys for Defendant,

                WAL-MART STORES, INC.