Henry C. Bunsow (SBN 60707)
hbunsow@bdiplaw.com
Brian A.E. Smith (SBN 188147)
bsmith@bdiplaw.com
Robin K. Curtis (SBN 271702)
rcurtis@bdiplaw.com
BUNSOW, DE MORY, SMITH & ALLISON LLP
351 California Street, Suite 200
San Francisco, CA 94104
Tel: (415) 426-4747
Fax: (415) 426-4744

Denise M. De Mory (SBN 168076)
ddemory@bdiplaw.com
Jeffrey D. Chen (SBN 267837)
jchen@bdiplaw.com
BUNSOW, DE MORY, SMITH & ALLISON LLP
600 Allerton Street, Suite 101
Redwood City, CA 94063
Tel: (650) 318-6772
Fax: (650) 684-1294

*Attorneys for Plaintiff*
DUCKHORN WINE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DUCKHORN WINE COMPANY, a California Corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SUTTER HOME WINERY, INC., d/b/a Trinchero Family Estates, DUCK COMMANDER, INC., and WAL-MART STORES INC.,<br><br>　　　　　　Defendants. | Case No. 13-05525 EDL<br><br>**PLAINTIFF DUCKHORN WINE COMPANY'S ANSWER TO DEFENDANTS SUTTER HOME WINERY, INC. AND DUCK COMMANDER, INC.'S COUNTERCLAIM FOR DECLARATORY RELIEF** |

DUCKHORN'S ANSWER TO COUNTERCLAIM
FOR DECLARATORY RELIEF

**PLAINTIFF DUCKHORN WINE COMPANY'S ANSWER TO DEFENDANTS SUTTER HOME WINERY, INC. AND DUCK COMMANDER, INC.'S COUNTERCLAIM**

Plaintiff Duckhorn Wine Company ("Duckhorn"), by and through the undersigned counsel, answers Defendants Sutter Home Winery, Inc. ("SHW") and Duck Commander, Inc.'s ("DCI") (collectively, "Counterclaimants") Counterclaim as follows:

## NATURE OF ACTION

1. Duckhorn admits that SHW and DCI purport to bring a counterclaim for declaratory relief under the Declaratory Judgment Act. Unless expressly admitted, Duckhorn denies the allegations in Paragraph 1.

## THE PARTIES

2. Duckhorn admits that Duck Commander, Inc. is a Louisiana corporation with its principal place of business located at 117 Kings Lane, West Monroe, Louisiana 71292 based on DCI's admission to Paragraph 12 of Duckhorn's Complaint.

3. Duckhorn admits that Sutter Home Winery, Inc. is a California corporation with its principal place of business located at 100 St. Helena Highway South, St. Helena, California 94574 based on SHW's admission to Paragraph 11 of Duckhorn's Complaint.

4. Admitted.

## JURISDICTION AND VENUE

5. Duckhorn admits that this Court has subject matter jurisdiction over SHW and DCI's counterclaims under and pursuant to 28 U.S.C. § 2201 and the federal Lanham Act, 15 U.S.C. § 1125. Unless expressly admitted, Duckhorn denies the allegations in Paragraph 5.

6. Duckhorn admits that its principal place of business is located within this judicial district and that it has transacted business in the State of California since its incorporation. Duckhorn further admits that it expected its acts to have consequence in the State of California and within this judicial district. Unless expressly admitted, Duckhorn denies the allegations in Paragraph 6.

7. Admitted.

8. No response is required.

## ALLEGATIONS COMMON TO ALL CLAIMS

9. Duckhorn admits the word mark "DUCK COMMANDER" in association with duck call devices used for hunting is owned by DCI and is the subject of U.S. Trademark Registration No. 1,722,152, which was registered in 1992. Duckhorn is without sufficient information and knowledge as to the remaining allegations in Paragraph 9 and on such basis denies such allegations.

10. Duckhorn is without sufficient information and knowledge as to the allegations contained in Paragraph 10 and on such basis denies such allegations.

11. Duckhorn is without sufficient information and knowledge as to the allegations contained in Paragraph 11 and on such basis denies such allegations.

12. Duckhorn is without sufficient information and knowledge as to the allegations contained in Paragraph 12 and on such basis denies such allegations.

13. Duckhorn is without sufficient information and knowledge as to the allegations contained in Paragraph 13 and on such basis denies such allegations.

14. Duckhorn admits that Season 1 of the series *Duck Dynasty* premiered on the A&E cable television network in 2012. Duckhorn is without sufficient information and knowledge as to the remaining allegations in Paragraph 14 and on such basis denies such allegations.

15. Duckhorn is without sufficient information and knowledge as to the allegations contained in Paragraph 15 and on such basis denies such allegations.

16. Duckhorn is without sufficient information and knowledge as to the allegations contained in Paragraph 16 and on such basis denies such allegations.

17. Duckhorn is without sufficient information and knowledge as to the allegations contained in Paragraph 17 and on such basis denies such allegations.

18. Duckhorn admits that DCI licenses, markets, promotes and sells a wide manner of products using the DUCK COMMANDER name and mark based on DCI's admissions to Paragraph 13 of Duckhorn's Complaint. Duckhorn is without sufficient information and knowledge as to the remaining allegations contained in Paragraph 18 and on such basis denies such allegations.

19. Duckhorn is without sufficient information and knowledge as to the allegations contained in Paragraph 19 and on such basis denies such allegations.

20. Duckhorn admits the allegations in the first sentence of Paragraph 20. Duckhorn further admits that U.S. Trademark Application Serial Nos. 76/714,627 and 76/714,615 were published for opposition on October 1, 2013. Unless expressly admitted, Duckhorn denies the allegations in Paragraph 20.

21. Duckhorn admits that SHW and DCI sell wine under the sub-brands TRIPLE THREAT RED BLEND, WOOD DUCK CHARDONNAY and MISS PRISS PINK MOSCATO. Duckhorn further admits that Paragraph 21 depicts images similar to the wine labels of SHW and DCI's TRIPLE THREAT RED BLEND, WOOD DUCK CHARDONNAY and MISS PRISS PINK MOSCATO wines but denies that SHW and DCI's description of the wine labels is accurate. Duckhorn admits the allegation in the third sentence of Paragraph 21 but is without sufficient information and knowledge as to the allegations contained in the first sentence of Paragraph 21 and on such basis denies the allegation contained therein. Unless expressly admitted, Duckhorn denies the allegations in Paragraph 21.

22. Duckhorn is without sufficient information and knowledge as to the allegations contained in Paragraph 22 and on such basis denies such allegations.

23. Duckhorn is without sufficient information and knowledge as to the allegations contained in Paragraph 23 and on such basis denies such allegations.

24. Duckhorn admits that it is the owner of the registered trademarks DUCKHORN and DUCKHORN VINEYARDS. Duckhorn further admits the winery was named after the Duckhorn family which founded the winery. Duckhorn further admits that a private equity firm purchased a controlling interest in Duckhorn Wine Company in 2007. Duckhorn further admits that as of the filing of Duckhorn's Answer, the prices of available wines on its website range from $29 – $95. Duckhorn denies that SHW and DCI's description of the wine label depicted in Paragraph 24 is accurate. Unless expressly admitted, Duckhorn denies the allegations in Paragraph 24.

25. Admitted.

26.     Duckhorn admits that on or about November 6, 2013, Duckhorn met with SHW to discuss, among other things, Duckhorn's objections to DCI's and SHW's use of the DUCK COMMANDER mark in connection with the sale of wines. Unless expressly admitted, Duckhorn denies the remaining allegations in Paragraph 26.

27.     Duckhorn admits that on November 20, 2013, counsel for Duckhorn sent a letter to SHW. The November 20, 2013, letter is the best evidence of its contents. Unless expressly admitted, Duckhorn denies the allegations in Paragraph 27.

28.     Duckhorn admits that on November 22, 2013, counsel for Duckhorn received a letter from counsel for DCI and SHW. The November 22, 2013, letter is the best evidence of its contents. Unless expressly admitted, Duckhorn denies the allegations in Paragraph 28.

29.     Admitted.

30.     Duckhorn is without sufficient information and knowledge as to the allegations contained in Paragraph 30 and on such basis denies such allegations.

31.     Denied.

32.     Denied.

33.     Denied.

## **CLAIM UNDER DECLARATORY JUDGMENT ACT**

34.     Denied.

35.     Denied.

///
///
///
///
///
///
///
///

## PRAYER FOR RELIEF

Duckhorn denies that SHW and/or DCI are entitled to any relief, and, in particular, any of the relief requested in Paragraphs 1-4 of SWH and DCI's Prayer for Relief.

Dated: January 13, 2014    BUNSOW, DE MORY, SMITH & ALLISON LLP

*/s/ Henry C. Bunsow*
Henry C. Bunsow (SBN 060707)
hbunsow@bdiplaw.com
Brian A.E. Smith (SBN 188147)
bsmitih@bdiplaw.com
Robin Curtis (SBN 271702)
rcurtis@bdiplaw.com
BUNSOW, DE MORY, SMITH & ALLISON LLP
351 California Street, Suite 200
San Francisco, CA 94104
Tel: (415) 426-4747
Fax: (415) 426-4744

Denise M. De Mory (SBN 168076)
ddemory@bdiplaw.com
Jeffrey D. Chen (SBN 267837)
jchen@bdiplaw.com
BUNSOW, DE MORY, SMITH & ALLISON LLP
600 Allerton Street, Suite 101
Redwood City, CA 94063
Tel: 650-351-7248
Fax: 650-351-7253

*Attorneys for Plaintiff*
Duckhorn Wine Company

DUCKHORN'S ANSWER TO COUNTERCLAIM    5
FOR DECLARATORY RELIEF