1   Henry C. Bunsow (SBN 60707)
    hbunsow@bdiplaw.com
2   Brian A.E. Smith (State Bar No. 188147)
    bsmith@bdiplaw.com
3   Robin Curtis (SBN 271702)
    rcurtis@bdiplaw.com
4   BUNSOW, DE MORY, SMITH & ALLISON LLP
    351 California Street, Suite 200
5   San Francisco, CA 94104
    Tel: (415) 426-4747
6   Fax: (415) 426-4744

7   Denise M. De Mory (SBN 168076)
    ddemory@bdiplaw.com
8   Jeffrey D. Chen (SBN 267837)
    jchen@bdiplaw.com
9   BUNSOW, DE MORY, SMITH & ALLISON LLP
    600 Allerton Street, Suite 101
10  Redwood City, CA 94063
    Tel: (650) 318-6772
11  Fax: (650) 684-1294

12  *Attorneys for Plaintiff*
    DUCKHORN WINE COMPANY
13

J. Scott Gerien (SBN 184728)
sgerien@dpf-law.com
John N. Heffner (SBN221557)
jheffner@dpf-law.com
DICKENSON, PEATMAN & FOGARTY
1455 First Street, Ste. 301
Napa, CA 94559
Tel: (707) 252-7122
Fax: (707) 255-6876

*Attorneys for Defendants*
DUCK COMMANDER, INC. SUTTER
HOME WINERY, INC. and WAL-MART
STORES INC.

14              **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16                 **SAN FRANCISCO DIVISION**

17

18  DUCKHORN WINE COMPANY, a
    California Corporation,
19
                    Plaintiff,
20
    v.
21
    SUTTER HOME WINERY, INC., d/b/a
22  Trinchero Family Estates, DUCK
    COMMANDER, INC., and WAL-MART
23  STORES INC.,
24
                    Defendants.
25

Case No.  13-05525 RS

**[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER**

26

27

28

1      **AMENDED STIPULATED PROTECTIVE ORDER**

2    1.      PURPOSES AND LIMITATIONS

3          Disclosure and discovery activity in this action are likely to involve production of

4    confidential, proprietary, or private information for which special protection from public

5    disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

6    Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

7    Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

8    all disclosures or responses to discovery and that the protection it affords from public disclosure

9    and use extends only to the limited information or items that are entitled to confidential treatment

10   under the applicable legal principles.  The parties further acknowledge, as set forth in Section 14.4,

11   below, that this Stipulated Protective Order does not entitle them to file confidential information

12   under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards

13   that will be applied when a party seeks permission from the court to file material under seal.

14   2.      DEFINITIONS

15          2.1      Challenging Party: a Party or Non-Party that challenges the designation of

16   information or items under this Order.

17          2.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is

18   generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

19   of Civil Procedure 26(c).

20          2.3      Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as

21   well as their support staff).

22          2.4      Designating Party: a Party or Non-Party that designates information or items that it

23   produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

24   CONFIDENTIAL – ATTORNEYS' EYES ONLY".

25          2.5      Disclosure or Discovery Material: all items or information, regardless of the

26   medium or manner in which it is generated, stored, or maintained (including, among other things,

27   testimony, transcripts, and tangible things), that are produced or generated in disclosures or

28

1   responses to discovery in this matter.

2       2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to

3   the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

4   as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

5   competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

6   or of a Party's competitor.

7       2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

8   Items: extremely sensitive "Confidential Information or Items," disclosure of which to another

9   Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

10  less restrictive means.

11      2.8    In-House Counsel: attorneys who are employees of a party to this action. In-House

12  Counsel does not include Outside Counsel of Record or any other outside counsel.

13      2.9    Non-Party: any natural person, partnership, corporation, association, or other legal

14  entity not named as a Party to this action.

15      2.10   Outside Counsel of Record: attorneys who are not employees of a party to this

16  action but are retained to represent or advise a party to this action and have appeared in this action

17  on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

18      2.11   Party: any party to this action, including all of its officers, directors, employees,

19  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

20      2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery

21  Material in this action.

22      2.13   Professional Vendors: persons or entities that provide litigation support services

23  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

24  organizing, storing, or retrieving data in any form or medium) and their employees and

25  subcontractors.

26      2.14   Protected Material: any Disclosure or Discovery Material that is designated as

27  "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

28      2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a

1    Producing Party.

2    3.    <u>SCOPE</u>

3        The protections conferred by this Stipulation and Order cover not only Protected Material

4    (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

5    all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

6    conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

7    However, the protections conferred by this Stipulation and Order do not cover the following

8    information: (a) any information that is in the public domain at the time of disclosure to a

9    Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

10    a result of publication not involving a violation of this Order, including becoming part of the

11    public record through trial or otherwise; and (b) any information known to the Receiving Party

12    prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

13    obtained the information lawfully and under no obligation of confidentiality to the Designating

14    Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

15    4.    <u>DURATION</u>

16        Even after final disposition of this litigation, the confidentiality obligations imposed by

17    this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

18    order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

19    claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

20    the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this

21    action, including the time limits for filing any motions or applications for extension of time

22    pursuant to applicable law.

23    5.    <u>DESIGNATING PROTECTED MATERIAL</u>

24        5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

25        Each Party or Non-Party that designates information or items for protection under this

26    Order must take care to limit any such designation to specific material that qualifies under the

27    appropriate standards. To the extent it is practical to do so, the Designating Party must designate

28    for protection only those parts of material, documents, items, or oral or written communications

1    that qualify – so that other portions of the material, documents, items, or communications for

2    which protection is not warranted are not swept unjustifiably within the ambit of this Order.

3        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

4    shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

5    unnecessarily encumber or retard the case development process or to impose unnecessary

6    expenses and burdens on other parties) expose the Designating Party to sanctions.

7        If it comes to a Designating Party's attention that information or items that it designated

8    for protection do not qualify for protection at all or do not qualify for the level of protection

9    initially asserted, that Designating Party must promptly notify all other parties that it is

10   withdrawing the mistaken designation.

11       5.2   Manner and Timing of Designations.

12       Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a)

13   below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

14   protection under this Order must be clearly so designated before the material is disclosed or

15   produced.

16       Designation in conformity with this Order requires:

17       (a)   for information in documentary form (e.g., paper or electronic documents, but

18   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

19   Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

20   EYES ONLY" to each page that contains protected material.  If only a portion or portions of the

21   material on a page qualifies for protection, the Producing Party also must clearly identify the

22   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

23   each portion, the level of protection being asserted.

24       A Party or Non-Party that makes original documents or materials available for inspection

25   need not designate them for protection until after the inspecting Party has indicated which

26   material it would like copied and produced. During the inspection and before the designation, all

27   of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

28   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

1  copied and produced, the Producing Party must determine which documents, or portions thereof,

2  qualify for protection under this Order. Then, before producing the specified documents, the

3  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

4  CONFIDENTIAL – ATTORNEYS' EYES ONLY) to each page that contains Protected Material.

5  If only a portion or portions of the material on a page qualifies for protection, the Producing Party

6  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

7  margins) and must specify, for each portion, the level of protection being asserted.

8        (b)    for testimony given in deposition or in other pretrial or trial proceedings, that the

9  Designating Party identify on the record, before the close of the deposition, hearing, or other

10  proceeding, all protected testimony and specify the level of protection being asserted.  When it is

11  impractical to identify separately each portion of testimony that is entitled to protection and it

12  appears that substantial portions of the testimony may qualify for protection, the Designating

13  Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

14  a right to have up to 21 days to identify the specific portions of the testimony as to which

15  protection is sought and to specify the level of protection being asserted. Only those portions of

16  the testimony that are appropriately designated for protection within the 21 days shall be covered

17  by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may

18  specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

19  entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY."

21        Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

22  other proceeding to include Protected Material so that the other parties can ensure that only

23  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

24  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

25  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

27        Transcripts containing Protected Material shall have an obvious legend on the title page

28  that the transcript contains Protected Material, and the title page shall be followed by a list of all

1   pages (including line numbers as appropriate) that have been designated as Protected Material and

2   the level of protection being asserted by the Designating Party. The Designating Party shall

3   inform the court reporter of these requirements. Any transcript that is prepared before the

4   expiration of a 21-day period for designation shall be treated during that period as if it had been

5   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

6   otherwise agreed. After the expiration of that period, the transcript shall be treated only as

7   actually designated.

8          (c)      for information produced in some form other than documentary and for any other

9   tangible items, that the Producing Party affix in a prominent place on the exterior of the container

10   or containers in which the information or item is stored the legend "CONFIDENTIAL" or

11   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  If only a portion or portions of

12   the information or item warrant protection, the Producing Party, to the extent practicable, shall

13   identify the protected portion(s) and specify the level of protection being asserted.

14          5.3      <u>Inadvertent Failures to Designate</u>.

15          If timely corrected, an inadvertent failure to designate qualified information or items does

16   not, standing alone, waive the Designating Party's right to secure protection under this Order for

17   such material. Upon timely correction of a designation, the Receiving Party must make

18   reasonable efforts to assure that the material is treated in accordance with the provisions of this

19   Order.

20   6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

21          6.1      <u>Timing of Challenges</u>.

22          Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless

23   a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid

24   foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or

25   delay of the litigation, a Party does not waive its right to challenge a confidentiality designation

26   by electing not to mount a challenge promptly after the original designation is disclosed.

27          6.2      <u>Meet and Confer</u>.

28          The Challenging Party shall initiate the dispute resolution process by providing written

notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

 6.3 Judicial Intervention.

 If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  The parties agree to shift the burden to move on the Challenging Party after one (1) challenge has been made to avoid an abuse of the process.  The burden of persuasion remains on the Designating Party.  Whether it is the Challenging Party's burden to move or not, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has

1  complied with the meet and confer requirements imposed by the preceding paragraph.

2      The burden of persuasion in any such challenge proceeding shall be on the Designating

3  Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

4  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

5  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

6  file a motion to retain confidentiality as described above, all parties shall continue to afford the

7  material in question the level of protection to which it is entitled under the Producing Party's

8  designation until the court rules on the challenge.

9  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

10     7.1     Basic Principles.

11     A Receiving Party may use Protected Material that is disclosed or produced by another

12 Party or by a Non-Party in connection with this case only for prosecuting, defending, or

13 attempting to settle this litigation. Such Protected Material may be disclosed only to the

14 categories of persons and under the conditions described in this Order. When the litigation has

15 been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

16 DISPOSITION).

17     Protected Material must be stored and maintained by a Receiving Party at a location and

18 in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

19     7.2     Disclosure of "CONFIDENTIAL" Information or Items.

20     Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

21 Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

22     (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

23 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

24 information for this litigation and who have signed the "Acknowledgment and Agreement to Be

25 Bound" that is attached hereto as Exhibit A;

26     (b)     the officers, directors, and employees (including In-House Counsel) of the

27 ─────────────

28 [1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER           9           CASE NO.  13-05525 RS

Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1    testimony at a deposition or trial, during the preceding five years.[3]

2        (b)    A Party that makes a request and provides the information specified in the

3    preceding respective paragraphs may disclose the subject Protected Material to the identified

4    Expert unless, within 14 days of delivering the request, the Party receives a written objection

5    from the Designating Party.  Any such objection must set forth in detail the grounds on which it is

6    based.

7        (c)    A Party that receives a timely written objection must meet and confer with the

8    Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

9    agreement within seven days of the written objection.  If no agreement is reached, the Party

10   seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

11   (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court

12   to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the

13   reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the

14   disclosure would entail, and suggest any additional means that could be used to reduce that risk.

15   In addition, any such motion must be accompanied by a competent declaration describing the

16   parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

17   confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal

18   to approve the disclosure.  In any such proceeding, the Party opposing disclosure to the Expert

19   shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

20   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

21   its Expert.

22   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
          LITIGATION
23
          If a Party is served with a subpoena or a court order issued in other litigation that compels
24
     disclosure of any information or items designated in this action as "CONFIDENTIAL" or
25
     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:
26

27   _____

     [3] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to
28   the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY
     CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[4]  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

i.)      promptly notify in writing the Requesting Party and the Non-Party that

---

[4] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

some or all of the information requested is subject to a confidentiality agreement with a

Non-Party;

    ii.)    promptly provide the Non-Party with a copy of the Stipulated Protective

Order in this litigation, the relevant discovery request(s), and a reasonably specific

description of the information requested; and

    iii.)    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14

days of receiving the notice and accompanying information, the Receiving Party may produce the

Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

seeks a protective order, the Receiving Party shall not produce any information in its possession

or control that is subject to the confidentiality agreement with the Non-Party before a

determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

burden and expense of seeking protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (d) request such person or persons to execute the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  If

information is produced in discovery that is subject to a claim of privilege or of protection as

trial-preparation material, the party making the claim may notify any party that received the

information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved.  This includes a restriction against presenting the information to the court for a determination of the claim. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in

1    the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

2    13.    <u>FINAL DISPOSITION</u>

3          Within 60 days after the final disposition of this action, as defined in paragraph 4, each

4    Receiving Party must return all Protected Material to the Producing Party or destroy such

5    material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

6    compilations, summaries, and any other format reproducing or capturing any of the Protected

7    Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

8    submit a written certification to the Producing Party (and, if not the same person or entity, to the

9    Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

10   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

11   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

12   capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

13   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

14   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

15   product, and consultant and expert work product, even if such materials contain Protected

16   Material. Any such archival copies that contain or constitute Protected Material remain subject to

17   this Protective Order as set forth in Section 4 (DURATION).

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER                        16                    CASE NO.  13-05525 RS

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated: May 27, 2014            */s/ Jeffrey D. Chen*
                                   Henry C. Bunsow
4                                  Denise M. De Mory
                                   Brian A.E. Smith
5                                  Robin K. Curtis
                                   Jeffrey D. Chen
6
                                   *Attorneys for Plaintiff*
7                                  DUCKHORN WINE COMPANY

8    Dated: May 27, 2014            */s/ J. Scott Gerien*
                                   J. Scott Gerien
9                                  John N. Heffner
                                   *Attorneys for Defendants*
10                                  DUCK COMMANDER, INC. SUTTER HOME
                                   WINERY, INC. and WAL-MART STORES INC.
11

12
            **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**
13
        Pursuant to Civil Local Rule 5-1, I hereby attest that I have obtained concurrence of the
14
    above noted signatories as indicated by a "conformed" signature (/s/) within this e-filed
15
    document.
16

17   Dated: May 27, 2014            */s/ Jeffrey D. Chen*
                                   Jeffrey D. Chen
18
                                   *Attorneys for Plaintiff*
19                                  DUCKHORN WINE COMPANY

20

21

22   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

23

24   DATED: _____     _____
                                      Honorable Richard G. Seeborg
25

26

27

28
     [PROPOSED] AMENDED STIPULATED
     PROTECTIVE ORDER                17              CASE NO.  13-05525 RS

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or

type full address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the Northern District of

California on _____ [date] in the case of _____

[insert formal name of the case and the number and initials assigned to it by the court].  I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
      [printed name]

Signature: _____
      [signature]